UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THIRTY-SIX THOUSAND AND FORTY-SEVEN DOLLARS ($36,047.00) IN UNITED STATES CURRENCY,<br><br>    Defendant. | Civil Action No. 18-1882 (JDB) |

**MEMORANDUM OPINION**

Before the Court is [9] the United States' motion for entry of default judgment in this civil forfeiture action in rem against defendant property consisting of $36,047.00 in U.S. Currency (the "Defendant Funds"). Law enforcement seized the Defendant Funds on or about November 24, 2017 while investigating a shooting in Southwest, Washington, D.C. Officers made a plain-view discovery of narcotics and drug paraphernalia in an apartment and obtained an emergency search warrant of the residence. Executing the warrant, officers recovered multiple firearms, ammunition, two digital scales, approximately five pounds of marijuana, and the Defendant Funds. See Compl. [ECF No. 1] ¶¶ 9, 13. The leaseholder of the residence, Toria Harris, filed a claim of interest in the Defendant Funds with the Drug Enforcement Administration. Id. ¶¶ 10, 17.

On August 10, 2018, the United States filed a verified complaint alleging that the Defendant Funds are subject to forfeiture under 21 U.S.C. § 881(a)(6), as property furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, as proceeds traceable to such an exchange, or as property used to facilitate such an exchange, all in violation of the Controlled Substances Act codified at 21 U.S.C. §§ 801–971. See Compl. ¶ 1.

On August 15, 2018, the United States posted notice of this action on the official government forfeiture website, www.forfeiture.gov, for thirty consecutive days pursuant to Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").  See Aff. in Supp. of Default [ECF No. 5] ¶ 7.[1]  On or about August 15, 2018, the United States also served notice and a copy of the complaint on all three known potential claimants as required by Supplemental Rule G(4)(b).  See id. ¶ 5.  No person filed a verified claim, so the Clerk of this Court entered a Default on November 9, 2018.  See Clerk's Entry of Default [ECF No. 8].  The United States now requests that the Court enter a default judgment under Federal Rule of Civil Procedure 55 and order forfeiture of the Defendant Funds to the United States.  See Pl.'s Mot. For Entry of Default J.

No party has sought to claim or defend the Defendant Funds, and the time to do so has long since expired.  See Supp. R. G(5)(a)(ii).  Although one potential claimant, Toria Harris, filed a claim of interest in the Defendant Funds with the Drug Enforcement Agency prior to this civil action, "the filing of the earlier administrative claim is not a substitute for the claim that must be filed with the court."  United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars & Thirty Eight Cents ($31,852.38) In U.S. Currency, 183 F. App'x 237, 241 (3d Cir. 2006) (quoting David B. Smith, Prosecution and Defense of Forfeiture Cases § 9.04[1]); see also United States v. U.S. Currency in the Amount of $2,857.00, 754 F.2d 208, 212 (7th Cir. 1985) ("An administrative claim does not give the claimant any rights in the judicial condemnation

---

[1] The Affidavit erroneously states that any verified claim in response to the notice by internet publication had to be filed no later than September 13, 2018, see id., but that error is of no consequence.  First, the service by publication, in compliance with Supplemental Rule G(5)(a)(ii)(B), accurately informed the public that any person claiming a legal interest in the Defendant Property had "60 days from the first day of publication (August 15, 2018)" to file a verified claim. See Service by Publication [ECF No. 7] at 2.  Second, the Affidavit and the government's more recent motion for entry of default judgment state that "no potential claimants have claimed an interest or otherwise defended the action."  See Aff. in Supp. of Default ¶ 2; Pl.'s Mot. For Entry of Default J. [ECF No. 9] at 1.  The real deadline for filing a claim in response to the notice by internet publication, October 14, 2018, has long passed.  Thus, this Court is satisfied that the procedural due process requirements of Supplemental Rule G have been satisfied.

proceeding; it only [e]nsures that a judicial proceeding will take place before the property is forfeited.").

No party or putative party filed a pleading to challenge forfeiture of the Defendant Funds, or otherwise attempted to enter this case; the complaint states a claim for relief consistent with Supplemental Rule G(2)'s pleading requirements; and the government complied with Supplemental Rule G(4)'s notice requirements. Accordingly, the United States is entitled to a default judgment under Federal Rule of Civil Procedure 55(a). See United States v. $1,071,251.44 of Funds Assoc. with Mingzheng Int'l Trading Ltd., 324 F. Supp. 3d 38, 45–46 (D.D.C. 2018). This Court finds that the Defendant Funds are proceeds from, or property used to facilitate, violations of the Controlled Substances Act, 21 U.S.C. §§ 801–971, and are thus subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6). Hence, this Court grants the United States' motion for entry of default judgment and orders the forfeiture of Defendant Funds to the United States. A separate order will issue on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: July 22, 2019